UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brian J. Stone

   v.                                    Case No. 15-cv-290-JD

Carolyn W. Colvin, Acting
Commissioner, Social
Security Administration

**REPORT AND RECOMMENDATION**

Brian Stone, an unsuccessful applicant for a position with the Social Security Administration ("SSA"), has filed a pro se complaint (doc. nos. 1 and 4) asserting that defendant discriminated against him in violation of the Civil Service Reform Act of 1978 ("CSRA"), 5 C.F.R. § 731.202(b), and 28 C.F.R. § 50.12(b).  Stone's complaint is before me for preliminary review, pursuant to LR 4.3(d)(2).  For the reasons that follow, it is recommended that Stone's complaint be dismissed for lack of subject matter jurisdiction.

**The Legal Standard**

When reviewing a pro se complaint, the court is to construe it liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). After reviewing a complaint filed by a party such as Stone, who is not incarcerated and is proceeding in forma pauperis, the

court may

> report and recommend to the court that the filing be
> dismissed because the allegation of poverty is untrue,
> the court lacks subject matter jurisdiction, or the
> action is frivolous or malicious, fails to state a
> claim upon which relief may be granted, or seeks
> monetary relief against a defendant who is immune from
> such relief.

LR 4.3(d)(2)(A).

## **Background**

The facts in this section are drawn from Stone's complaint. Stone applied for a job with the SSA. After going through the interview process, he emerged as the top candidate for the position. Thereafter, the SSA had the FBI conduct a background check and prepare what is referred to as an "identification record." 28 C.F.R. § 50.12. That identification record revealed several arrests, including some that Stone did not disclose in his application. After reviewing Stone's identification record, the SSA decided not to hire him. The SSA told Stone that it was not hiring him because of his arrests and because he had not disclosed some of them in his application.

Stone challenged the decision not to hire him by filing a Formal Complaint of Discrimination with the SSA. In it, he claimed that he had been discriminated against because of his national origin (Moroccan), his marital status, his parental

status, and conduct which does not adversely affect job performance, i.e., his having been arrested. Stone's complaint resulted in a finding that the "SSA did not discriminate against [him] based on his national origin, marital status, parental status, and conduct which does not adversely affect performance." Am. Compl., doc. no. 4 at 25. In the Final Agency Decision announcing that result, the SSA's Associate Commissioner for Civil Rights and Equal Opportunity noted that while Stone's complaint was pending, the SSA's Office of Civil Rights and Equal opportunity "informed [him] of the Office of Special Counsel's and the Merit System Protection Board's contact information to determine whether he [had] a prohibited personnel practice claim." Id. at 22, n.7. The decision also informed Stone that he had "the right to file a civil action in an appropriate U.S. District Court." Id. at 26. This action followed.

## Discussion

In his complaint, Stone claims that the SSA is liable to him for "federal employment discrimination." Am. Compl., doc. no. 4 at 2. He asserts that the decision not to hire him was unlawful because: (1) the "CSRA of 1978 and Agency policy prohibit[] discrimination on the basis of non-job related

3

conduct which does not adversely affect performance of employees and applicants for employment," id. at 3; (2) his arrests, which have not resulted in convictions, fall outside the scope of conduct that may be used to deem an applicant unsuitable for employment, under 5 C.F.R. § 731.202(b); and (3) the SSA did not give him "the opportunity to complete, or challenge the accuracy of the information" in his FBI identification record, id. at 24, as required by 28 C.F.R. § 50.12(b).  While Stone identified four types of discrimination in the Formal Complaint of Discrimination which he filed with the SAA, his action in this court is limited to a claim of discrimination based upon "non-job related conduct."  That is, Stone is not claiming in this court that the SSA discriminated against him based upon his national origin, marital status, or parental status.

    This court lacks subject matter jurisdiction over Stone's claim.  The CSRA, on which Stone relies for his primary cause of action, describes a host of prohibited personnel practices and includes a provision stating that a federal employee with hiring authority shall not

> discriminate . . . against any . . . applicant for employment on the basis of conduct which does not adversely affect the performance of the . . . applicant or the performance of others; except that nothing in this paragraph shall prohibit an agency from taking into account in determining suitability or fitness any conviction of the  . . . applicant for any

> crime under the laws of any State, of the District of Columbia, or of the United States.

5 U.S.C. § 2302(b)(10).  The applicable regulations set out a list of criteria that federal employers may use to make so-called "suitability decisions," 5 C.F.R. § 731.202, and while that list includes "[c]riminal or dishonest conduct," § 731.202(b)(2), there is nothing in the regulation to suggest that merely being arrested is evidence of criminal conduct.  Thus, arguably, Stone has stated a claim that the SSA engaged in a prohibited personnel practice when it based its decision not to hire him upon arrests that did not result in convictions.

This court, however, is not the appropriate forum for adjudicating such a claim.  In Krafsur v. Davenport, the Sixth Circuit described the procedures a federal employee or prospective employee must follow to challenge a prohibited personnel practice by a federal agency:

> An employee faced with a prohibited personnel practice must first complain to the Office of Special Counsel. If the Special Counsel concludes that "there are reasonable grounds to believe that a prohibited personnel practice has occurred," he must report his conclusion to the agency.  [5 U.S.C.] § 1214(b)(2)(B). If the agency fails to take corrective action, the Special Counsel may refer the case to the Merit Systems Protection Board (from which the employee may appeal to the Federal Circuit).  Id. §§ 1214(b)(2)(C), 1214(c).

5

736 F.3d 1032, 1034 (6th Cir. 2013) (emphasis omitted).  After describing the remedial scheme provided by the CSRA, the Krafsur court went on to hold that the availability of redress through that scheme precluded the plaintiff in that case from litigating a Bivens claim asserting a CSRA violation against his supervisor in federal district court.  See id. at 1035.

The court did point out that "[e]ven within the category of prohibited personnel practices, the [CSRA] makes some exceptions [and that] [i]f an employee alleges discrimination because of race or sex, for example, the Act allows him to bypass the Special Counsel procedure and to sue in district court under the civil rights laws."  Krafsur, 736 F.3d at 1034-35; see also Crawford v. U.S. Dep't of Homeland Sec., 245 F. App'x 369, 374 (5th Cir. 2007) (per curiam); 5 U.S.C. § 2302(d)(1) (excepting from the CSRA "claims for discrimination on the basis of race, color, religion, sex, or national origin").  Stone does not make a claim for national-origin discrimination in this action.

In Chrisanthis v. United States, where the plaintiff sued his federal employer for taking a prohibited personnel action, Judge Alsup explained:

> "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994).  Every decision in our court of appeals to

6

>  address federal employee tort claims involving supervisory personnel actions has held that the CSRA preempts. The state of the law is this:
>
>> If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,'" then the CSRA's administrative procedures are the employee's only remedy." The CSRA's remedial scheme is both exclusive and preemptive because "permitting FTCA claims to supplant the CSRA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review." Accordingly, where Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are preempted. In fact, a federal employee's personnel-related complaints are preempted "even if no remedy is available under the CSRA."
>
> Mangano [v. United States], 529 F.3d [1243,] 1246 (9th Cir 2008) (internal citations and alterations omitted). Here, the challenged conduct "falls within the scope" of the CSRA's prohibited personnel practices, and, therefore, the CSRA's administrative procedures are plaintiff's only remedy.

No. C 14-02784 WHA, 2015 WL 887578, at *2 (N.D. Cal. Feb. 27, 2015); see also Crawford, 245 F. App'x at 374 ("Given the remedial system set forth in the CSRA, we have held that the CSRA provides the exclusive remedy for claims against federal employers, thereby precluding any other causes of action.") (citing Grisham v. United States, 103 F.3d 24, 26 (5th Cir. 1997); Rollins v. Marsh, 937 F.2d 134, 137-40 (5th Cir. 1991)).

The court is persuaded by Krafsur and Chrisanthis that Stone's only legal recourse for the claim he asserts in his

7

complaint is the administrative process available through the CSRA, as described in Krafsur. Because that remedy is exclusive, this court lacks subject matter jurisdiction over Stone's claim against the SSA. Cf. Elgin v. U.S. Dep't of Treasury, 641 F.3d 6 (1st Cir. 2011) (holding that CSRA provided exclusive remedy for claims arising from removal of federal employees, thus depriving district court of subject matter jurisdiction over plaintiff's claim).

One loose end remains. Stone also claims that the SSA violated his rights under 28 C.F.R. § 50.12(b) by failing give him the opportunity to complete or challenge the information in the FBI's identification record. However, § 50.12 creates no private right of action. See Lott v. City of Lubbock, Tex., 184 F.3d 819, 1999 WL 500689, at *1 (5th Cir. 1999) (unpublished per curiam table decision) (noting district court's grant of summary judgment "for the defendants, on the basis that 28 C.F.R. § 50.12 creates no private right of action"). Further, as any violation of § 50.12 in this case would have been part and parcel of the SSA's hiring process, that issue is properly addressed through the CSRA administrative process, rather than in this court. See Crawford, 245 F. App'x at 374 (affirming trial court's determination that CSRA precluded applicant's

claims arising from both decision not to hire her and government investigation that led to non-selection).

## Conclusion

Because this court lacks subject matter jurisdiction over Stone's claims against the SSA, I recommend that his complaint be dismissed, "without prejudice to [his] possible pursuit of an administrative claim under the CSRA," Chrisanthis, 2015 WL 887578, at *2.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 30, 2015

cc: Brian J. Stone, pro se

10